```
1  ROD DIVELBISS (SBN 102345)
   JRA LAW PARTNERS, LLP
2  450 PACIFIC AVE., SUITE 200
   SAN FRANCISCO, CA 94133
3  TELEPHONE: (415) 788-4646
   FACSIMILE: (415) 788-6929
4  RDIVELBISS@JRALP.COM
5
   Attorneys for Plaintiff
6  NORTH VENTURE PARTNERS, LLP
7
8
                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
11 NORTH VENTURE PARTNERS, LLC, a    CASE NO. 3:14-CV-00337-RS
   California limited liability company,
12                                   STIPULATION AND ORDER TO
             Plaintiff,              APPOINT SPECIAL MASTER
13                                   [FRCP, RULE 53]
        v.
14
   VOCUS, INC.,
15
16           Defendants.
17
18
19      It is hereby stipulated and agreed by and between counsel for all parties and adopted by the
20 Court based upon the stipulation of counsel that this action is a case which requires the parties
21 through their expert accountants to ascertain an amount of revenue generated.  The parties agree
22 that it is appropriate and in the interests of justice to appoint a Special Master pursuant to Rule 53
23 of the FRCP to assist the Court in making that determination.  It is further agreed that the
24 appointment of a Special Master will avoid placing unnecessary burdens upon the Court and the
25 litigants, and such appointment would expedite the case, keep costs reasonable, and promote
26 effective decision-making by the Court, parties and counsel.
27
28                                                                    Case No.  14-00337-RS
```

1    Accordingly, pursuant to stipulation of counsel for the parties, IT IS HEREBY
2    ORDERED:
3        1.    A Special Master shall be appointed.  The Special Master must be a licensed
4    Certified Public Accountant with a business office in the Northern District of California and have
5    professional experience with a national accounting firm.  The Special Master is hereby appointed
6    to determine the amount of revenue that should be recognized for purposes of determining the
7    amount of additional earn-out due Plaintiff, if any, based upon the Asset Purchase Agreement
8    dated February 24, 2011 ("Asset Purchase Agreement") as more particularly described in
9    paragraph 11 below.
10       2.    The Parties will endeavor to select a mutually agreed upon Special Master.  If,
11   however, the Parties cannot so agree within ten (10) days of the Court entering this Order, each
12   Party shall identify a Special Master Selector ("Selector") on or before that date.  The Selectors
13   shall promptly meet/communicate and will select the Special Master.  The selection of the Special
14   Master by the Selectors shall be on or before twenty-one (21) days after entry of this Order.  Upon
15   selection of the Special Master, the Parties will prepare an Order for signature by this Court
16   appointing the selected Special Master.  The Special Master shall schedule an Initial Status
17   Conference within 10 days after the Special Master is appointed.
18       3.    Within 15 days after entry of this Order, the Parties shall meet and confer and
19   engage in good faith efforts to enter into an agreed upon statement of facts.
20       4.    The parties shall each pay one-half of the charges of the Special Master which
21   charges shall be billed at Special Master's regular hourly rate.  The determination of whether the
22   expense associated with the Special Master is a cost to be awarded to the prevailing party shall be
23   governed by pertinent legal provisions.  The Special Master shall not charge for overhead
24   expenses.  Payment to the Special Master shall be made directly to the Special Master and shall be
25   made within 30 days of receipt of any invoice.  This Court may set a new basis and terms for the
26   Special Master's compensation after giving notice and an opportunity to be heard.  Such fees shall
27   be subject to the review of the Court upon written request of any party or of the Special Master.
28

5.	The Special Master is authorized and empowered to hold conferences as needed, including determination of the time, place and manner of any hearing, compelling the attendance of counsel, compelling attendance by authorized representatives of parties and compelling the production of documents and evidence.  The Special Master may impose upon a Party any non-contempt sanction provided by Rule 37 or Rule 45 and may recommend a contempt sanction against a party and sanctions against a nonparty.  Any hearing before the Special Master shall be in the Northern District of California at a time and location specified by the Special Master.

6.	The Special Master is authorized and empowered to perform all tasks set forth in Rule 53(c) including but not limited to supervising, directing and deciding discovery disputes and other discovery issues, facilitating law and motion scheduling in coordination with this Court and compelling, taking and reporting of evidence.  The Special Master may retain Court-appointed consultants and experts (but only upon further Order of the Court), and may refer special problems or questions to the Court.

7.	The Special Master shall not communicate *ex parte* with any Party except for purposes of scheduling and management of the litigation.

8.	The Special Master is empowered to conduct independent investigation but only after notice to the Parties and a hearing on the matter.

9.	The Special Master shall maintain all evidence submitted or considered but only until after completing his/her report at which time the evidence shall be returned to the respective party who submitted the evidence.  Provided, however, either Party may seek and Order from this Court requiring that the evidence be maintained for a different amount of time.

10.	Dispositive motions, including but not limited to motions to dismiss, motions to strike, motions for summary judgment and motions for summary adjudication shall not be heard and determined by the Special Master.

11.	The Special Master shall proceed with all reasonable diligence to take evidence and make the following determinations:

    a.	The amount of revenue that should have been recognized on a monthly basis for purposes of calculating the Earn-Out referenced in the Asset Purchase Agreement

("Earn-Out Revenue").  The computations should, to the extent possible, separately set forth: (i) revenue on North Social sales of North Social products; (ii) revenue on North Social sales of North Social services; (iii) revenue on Vocus sales of North Social products as standalone products; (iv) revenue on Vocus sales of North Social products as part of another product or suite of products; and (v) revenue on Vocus sales of North Social services.  Any dispute regarding whether any of the foregoing five (5) categories of revenue are contractually required to be included in the Earn-Out calculation under the Asset Purchase Agreement shall be decided by the Court.  The Parties acknowledge that for revenue referenced above in paragraphs 11(a)(i) and 11(a)(ii) it may not be possible to fully separate revenue into the two listed categories.

b. The amount of monthly Earn-Out Revenue that would have been recognized if the North Social price increases were used to calculate Earn-Out Revenue. The calculations of monthly Earn-Out Revenue for this section shall include both (a) a calculation of revenue for those Vocus sales made after the effective date of price increases; and (b) a calculation of revenue for those Vocus sales made before the effective date of the price increase, but where the contract also covered a period after the effective date of the price increase.

c. The Special Master shall not, however, make the determination of whether any price increases announced by North Social are contractually required to be considered in determining Earn-Out Revenue.  Rather, the Special Master shall only calculate the amount of Earn-Out Revenue if price increases were to be considered in calculating Earn-Out Revenue.

d. The amount of any cumulative Earn-Out Revenue deficiencies or overages, if any, generated during the Earn-Out time period.

e. The amount of any interest due Plaintiff as a result of any delay in any payment.

12. The Special Master shall prepare a Special Master's Report ("Report") determining the above issues and shall promptly present the Report to this Court upon completion.  The Special

Master will endeavor to submit its Report to this Court no later than 75 days after the parties complete their exchange of expert witness reports pursuant to the schedule to be set by the Special Master at the Initial Status Conference.  A Party may file an objection to the Report but must do so within 21 days after a copy of the Report is filed and served.  The parties shall be allowed to present argument to this Court disputing or requesting clarification of the Report on noticed motion.  It is agreed, however, that this Court's review of the factual findings of the Special Master, as set forth in the Report, shall not be a *de novo* review of the evidence but rather will be on a substantial evidence basis.  However, legal issues decided by the Special Master, if any, shall be reviewed *de novo*.  The parties will be allowed to present argument and this Court will adopt, modify or reject the findings of the Special Master.  Upon receipt of the Report, a Case Management Conference will be scheduled to determine how to address issues that remain and to set the earliest possible appropriate trial date for this Court to address any issues that remain.

13. By signing the consent to serve, the Special Master represents that he/she consents to serve as provided in this Order and is aware of and will comply with applicable provisions of Rule 53 of the Federal Rules of Civil Procedure including filing an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455.

IT IS SO STIPULATED:

DATED: May 7, 2015                    Respectfully submitted,

**GREENBERG TRAURIG, LLP**

/s/ Robert Herrington_____
Robert Herrington
Attorneys for Defendant Vocus, Inc.

**JRA LAW PARTNERS, LLP**

/s/ Rod Divelbiss_____
Rod Divelbiss
Attorneys for Plaintiff North Venture Partners, LLC

Pursuant to Rule 53 of the Federal Rules of Civil Procedure, and GOOD CAUSE APPEARING THEREFOR,

**IT IS SO ORDERED**.

DATED: 5/11/15

_____
THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

Case No.  14-00337-RS

STIPULATION AND ORDER TO APPOINT SPECIAL MASTER