ROD DIVELBISS (State Bar No. 102345)
JRA LAW PARTNERS, LLP
450 Pacific Avenue, Suite 200
San Francisco, CA 94133
Telephone No.: (415) 788-4646
Facsimile No.: (415) 788-6929

Attorneys for Plaintiff and Counter-Defendant
NORTH VENTURE PARTNERS, LLC,
a California limited liability company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH VENTURE PARTNERS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>VOCUS, INC.<br><br>Defendants. | Case No. C14-0337 RS<br><br>**PLAINTIFF NORTH VENTURE PARTNERS, LLC 'S NOTICE OF FILING SPECIAL MASTER REPORT AND POSITION/CLARIFICATION REGARDING SCOPE OF REPORT**<br><br>**Date: July 15, 2016<br>Time: 1:30 p.m.<br>Dept.: Courtroom 3, 17th Floor**<br><br>**Judge: Hon. Richard Seeborg** |
| VOCUS, INC.<br><br>Counterclaimant,<br><br>v.<br><br>NORTH VENTURE PARTNERS, LLC,<br><br>Counter-Defendant. | |

0

**PLAINTIFF NVP'S NOTICE OF FILING SPECIAL MASTER REPORT
AND POSITION ON SCOPE OF REPORT**

JRA LAW PARTNRES, LLP
450 PACIFIC AVE., STE. 200
SAN FRANCISCO, CA 94133
(415) 788-4646

## I. NOTICE OF FILING SPECIAL MASTER REPORT

**PLEASE TAKE NOTICE** that Plaintiff and Counter-Defendant NORTH VENTURE PARTNERS, LLC ("NVP") hereby files the reports of the Special Master appointed in this case, which report and supplement report are dated

Pursuant to Rule 53 of the FRCP, the parties stipulated to the appointment of a special master to conduct various accountings on financial statements of Defendant VOCUS, INC. to assist the Court in making determinations of the amount of revenue e generated during the subject earn-out period between the parties. On May 7, 2015 the Court ordered the appointment of a Special Master "to determine the amount of revenue that should be recognized for purposes of determining the amount of additional earn-out due Plaintiff, if any, based upon the Asset Purchase Agreement dated February 24, 2011. (Dkt #58.)

In December of 2015, the Special Master so appointed conducted a hearing to determine and calculate the financials for assisting the Court in making its determinations for the amount of earn-out due to NVP. On January 11, 2016 the Special Master signed a Report and on January 26, 2016 prepared a Supplemental Report. See Exhibits A and B, attached. Despite the requirement of RFCP 53(e), the Special Master did not file the Reports with this Court. Plaintiff hereby now files those reports for the Court's consideration.

Dated: July 5, 2016                          **JRA LAW PARTNERS, LLP**

/s/Rod Divelbiss
Rod Divelbiss
Attorneys for Plaintiff
North Ventures Partners, LLC

## II. PLAINTIFF'S STATEMENT/POSITION ON SCOPE OF REPORT

Plaintiff does not object to the accounting determinations contained in the Reports, which were what the Special Master was retained to undertake. However, Plaintiff does object to Defendant Vocus' characterization of the scope of the Reports as they relate to what issues were not to be decided by the Special Master and as to the determination of legal issues which were

JRA LAW PARTNRES, LLP
450 PACIFIC AVE., STE. 200
SAN FRANCISCO, CA 94133
(415) 788-4646

1

**PLAINTIFF NVP'S NOTICE OF FILING SPECIAL MASTER REPORT
AND POSITION ON SCOPE OF REPORT**

explicitly excluded from the scope of the Special Master's duties and which this court must decide. In fact, as stated in the Stipulation and Order "any dispute regarding whether any of the foregoing five (5) categories of revenue are contractually required to be included in the Earn-Out calculation under the Asset Purchase Agreement **shall be decided by the Court**." (emphasis added.) (Dkt #58, ¶11, page 4, lines 6-8.). Thus it was contemplated and agreed that the Special Master would not make any determinations on the existence of any agreements between the parties on those categories of revenue during the earn-out period. Consequently, it is still before the court and part of the scheduled trial on what, if any, agreements existed between the parties on how to recognize certain revenue in those five categories listed in the Stipulation and Order.

In particular, Plaintiff notes that the following issues were not to be decided or were not decided by the Special Master:

### A. PRICE INCREASE OF NORTH SOCIAL PRODUCT

1. Whether or not there was an agreement between the parties, either in the APA or otherwise, that certain price increases of the North Social product set by NVP during the earn-out period and how that agreement, if any, impacted the earn-out revenue to be determined by this Court?

2. While the Special Master made certain accounting calculations based on different pricing scenarios, he did not determine what agreement existed between the parties on this pricing issue.

### B. CUMULATIVE REVENUE DEFICIENCIES/TAKINGS

1. What additional revenue was generated by NVP over the term of the earn-out that was not properly recognized by Vocus and, as a result, the amount of cumulative revenue deficiencies or "takings" from the Defendant's improper accounting during the earn-out period?

2. Information regarding these revenue deficiencies was not provided by Vocus until after the hearing before the Special Master. Thus, the Special Master could not and did not determine the amount of cumulative revenue deficiencies over the course of the earn-out. Upon receipt of that information after the hearing, Plaintiff's expert determined the amount of deferrals and "takings" which determination was not challenged by Defendant or its expert. It is therefore

2

JRA LAW PARTNRES, LLP
450 PACIFIC AVE., STE. 200
SAN FRANCISCO, CA 94133
(415) 788-4646

**PLAINTIFF NVP'S NOTICE OF FILING SPECIAL MASTER REPORT
AND POSITION ON SCOPE OF REPORT**

for this Court to determine the amount of improper takings and deferrals and any associated damages.

### C. INVOICED SERVICES AND SOFTWARE

1. Whether or not there was an agreement between the parties, either in the APA or otherwise, on how to recognize contracts and revenues that had a combination of software and services? Alternatively, whether there were representations relied upon by NVP with respect to recognizing this particular revenue.

2. The Special Master was to calculate purported amounts, not to determine legal issues on whether or not there were agreements between the parties. In particular, the Special Master did and was not asked to make any finding regarding whether the parties had an agreement on this category of revenue should be recognized. NVP's claim in this regard is that certain agreements were reached concerning control over operation and management of North Social or during the earn-out period. Further, representations were made and agreements reached concerning combined contracts possibly subject to VSOE and associated revenue recognition.

3. At the hearing, the Special Master determined that there was not sufficient vendor specific evidence of value ("VSOE") with respect to certain transactions. NVP does not dispute that there was not sufficient evidence of VSOE for certain of those transactions at the time of the hearing. However, that claim was not raised by VOCUS until the day before the hearing and NVP did not have sufficient time to fully address the issue. In fact, the specific evidence with respect to application of VSOE to defer revenue was not produced by VOCUS until later in February of 2016, well after the date of the hearing. Further, that finding does not and cannot address whether there was an agreement on who and how to recognize revenue.

### D. ACTIVE ACCOUNTS

1. Whether there was an agreement between the parties, either in the APA or otherwise, on how revenue would be recognized on accounts that were not paid but remained active?

2. Again, NVP is not disputing the calculations of the Special Master regarding this category of revenue based on the Special Master's assumption that no agreement existed

3
JRA LAW PARTNRES, LLP
450 PACIFIC AVE., STE. 200
SAN FRANCISCO, CA 94133
(415) 788-4646

**PLAINTIFF NVP'S NOTICE OF FILING SPECIAL MASTER REPORT
AND POSITION ON SCOPE OF REPORT**

between the parties on how to address these types of accounts. Rather, NVP claims that the legal issue, again not before the Special Master, on what agreement may have existed between the parties must be ruled upon by this Court. If the parties had a separate agreement, which NVP claims they did, then the Special Master's findings would not be applicable and additional revenue would need to be determined by this Court. Thus, the Court must first determine if the parties had an agreement on how to handle recognition of revenue on all active accounts. If such an agreement existed, then the court must take evidence on what additional revenue should then be recognized based on that agreement, which is an amount not in dispute.

### E. UNAUTHORIZED DISCOUNTS GIVEN BY VOCUS

1. Whether or not there was an agreement between the parties, either in the APA or otherwise, that all revenue would be recognized during the earn-out on the sale of North Social products by Vocus irrespective of any discounts provided by Vocus on those sales?

2. NVP is not disputing the calculations of the Special Master regarding this category of revenue based on the Special Master's assumption that no agreement existed between the parties on how to address these types of discounts given by Vocus to their own clients on the North Social product it sold. Rather, NVP claims that the legal issue on what agreement may have existed between the parties must be ruled upon by this Court. If the parties had an agreement, which NVP claims they did, then the Special Master's findings would not be applicable and additional revenue would need to be determined by this Court based on that agreement. If the Court finds no such agreement, then no further determination would be required. Thus, the Court must first determine if the parties had an agreement on how to handle recognition of revenue on all North Social products sold by Vocus regardless of discounts provided. If such an agreement existed, then the Court must take evidence on what additional revenue should then be recognized based on that agreement, again an issue not previously decided by the Special Master. Of note, the amount of such additional revenue is not in material dispute.

### III. CONCLUSION

The parties never agreed to have the Special Master rule on legal issues. In fact, the

JRA LAW PARTNRES, LLP
450 PACIFIC AVE., STE. 200
SAN FRANCISCO, CA 94133
(415) 788-4646

**PLAINTIFF NVP'S NOTICE OF FILING SPECIAL MASTER REPORT
AND POSITION ON SCOPE OF REPORT**

1 Stipulation and Order was to the contrary. More specifically, it was specifically agreed and
2 ordered that disputes concerning the existence of any agreements between the parties on the
3 various categories of revenue would be reserved for the Court to decide as part of the trial.

4 The Special Master was appointed to do various accounting calculations based on various
5 assumptions, some of which would need to be ruled upon by this Court. NVP does not object to
6 the calculations made by the Special Master, but rather contends that the Special Master did not
7 rule on certain revenue categories (pricing and cumulative revenue deficiencies issues) and/or
8 ruled on other categories on the assumption that no agreements existed between the parties on
9 those issues (VSOE, active accounts, unauthorized discounts). This Court is thus required to still
10 make rulings on those legal issues (contractual agreements) and if such agreements existed on
11 certain categories determine, based on the evidence presented, what additional revenue should be
12 recognized as part of the earn-out under those agreements.

Respectfully submitted,

Dated: July 5, 2016 **JRA LAW PARTNERS, LLP**

/s/Rod Divelbiss_____
Rod Divelbiss
Attorneys for Plaintiff
North Ventures Partners, LLC

JRA LAW PARTNRES, LLP
450 PACIFIC AVE., STE. 200
SAN FRANCISCO, CA 94133
(415) 788-4646

5
**PLAINTIFF NVP'S NOTICE OF FILING SPECIAL MASTER REPORT
AND POSITION ON SCOPE OF REPORT**